IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANNY FOSTER, SR., <br> AIS 167673, <br><br> Petitioner, <br><br> v. <br><br> JOSEPH HEADLEY, WARDEN, et al., <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:22-CV-535-WHA-CSC <br> ) <br> ) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Petitioner Danny Foster, Sr., an inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama, originally filed this action in the United States District Court for the Northern District of Alabama. That court construed the matter as a petition for writ of habeas corpus under 28 U.S.C. § 2254, and transferred the petition to this Court for review and disposition finding, in part:

> Although the case was docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Mr. Foster contends that he is not challenging a conviction pursuant to § 2254, nor does he seek to allege claims in a civil rights action under 42 U.S.C. § 1983. Doc. 1 at 6. Instead, Mr. Foster requests that the court convene a three-judge panel to hear his claims of unconstitutional conditions of confinement and order his release under 18 U.S.C. § 3626 and the Alabama Prisoner Litigation Reform Act ("APLRA"), Ala. Code § 14-15-10 (1975). Doc. 1 at 6, 15.

> On July 19, 2022, the magistrate judge determined that as a state prisoner claiming relief, Mr. Foster's allegations must arise under either § 2254 or § 1983. Doc. 5 at 2–3. The magistrate judge further determined that regardless of whether Mr. Foster seeks relief under § 2254 or § 1983, this action should be transferred to the Middle District of Alabama. Doc. 5 at 2–3.

*Foster v. Headley,* Case No. 2:22-cv-874-AMM-JHE (August 29, 2022, N.D. Ala.) (Doc. 7).

After review of the instant petition, the undersigned found it deficient in several respects and determined that Petitioner should be provided an opportunity to clarify the basis on which he sought to invoke the Court's jurisdiction. Accordingly, on September 22, 2022, the Court entered a detailed Order explaining the deficiencies with the petition and informing Petitioner that if he intended to either sue one or more defendants based on something other than § 1983 or challenge the validity of his current incarceration for which he sought an immediate or speedier release under something other than § 2254, he had the burden to establish that this Court had jurisdiction to hear his claims. Doc. 9. The Court provided Petitioner with specific instructions regarding how to proceed with this matter and informed him that his failure to comply with the September 22, 2022, Order would result in a Recommendation this case be dismissed. *Id.* at 3–4. To date, Petitioner has not filed a response as directed or otherwise complied with the September 22, 2022, Order.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

It is ORDERED that **by December 12, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 28th day of November 2022.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE